Matthew S. Parmet (CSB # 296742)
matt@parmet.law
PARMET PC
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone 310 928 1277

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE FRANKLIN and IRENE GAMBOA, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SCRIPPS HEALTH and DOES #1 through #50, inclusive,<br><br>Defendants. | Case No. '22CV367 MMAMDD<br><br>Plaintiffs' Original Class and Collective Action Complaint for Damages<br><br>1. Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)<br>2. Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders)<br>3. Violations of record keeping requirements (CAL. LAB. CODE § 226)<br>4. Waiting time penalties (CAL. LAB. CODE § 203)<br>5. Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)<br>6. Civil penalties under the Private Attorneys General Act of 2004 (CAL. LAB. CODE §§ 2698, *et seq.*) |

**SUMMARY**

1. Like many other companies across the United States, Scripps' timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout Scripps' organization.

3. As a result, Scripps' workers who were not exempt from the overtime requirements under federal and state law, were not paid for all overtime hours worked or were not paid their proper overtime premium after the onset of the Kronos hack.

4. Michelle Franklin and Irene Gamboa are both such Scripps workers.

5. Scripps could have easily implemented a system to accurately record time and properly pay hourly and non-exempt employees until issues related to the hack were resolved.

6. But it didn't. Instead, Scripps did not pay its non-exempt hourly and salaried employees their full overtime premium for all overtime hours worked, as required by federal and California law.

7. Scripps pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. Scripps made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely paymet of their wages to make ends meet.

9. Scripps' failure to pay overtime wages for all overtime hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and applicable state law.

10. Franklin and Gamboa brings this lawsuit to recover these unpaid overtime wages and other damages owed by Scripps to them and Scripps' other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but Scripps' decision to make its own non-exempt employees bear the economic burden for the hack.

**JURISDICTION & VENUE**

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Scripps is headquartered resides in this District.

14. Franklin and Gamboa worked for Scripps in this District.

15. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

16. **Plaintiff Michelle Franklin** is a natural person.

17. Franklin was, at all relevant times, an employee of Scripps.

18. Franklin began working for Scripps in March 2021.

19. Franklin's written consent is attached as Exhibit A.

20. **Plaintiff Irene Gamboa** is a natural person.

21. Gamboa was, at all relevant times, an employee of Scripps.

22. Gamboa began working for Scripps in March 2021.

23. Gamboa's written consent is attached as Exhibit B.

24. Franklin and Gamboa represent at least two groups of similarly situated Scripps workers.

25. Franklin and Gamboa represent a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former hourly and salaried employees of Scripps who were non-exempt under the FLSA and who worked for Scripps in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

26. Franklin and Gamboa represent a class of similarly situated employees under California law pursuant to Federal Rule of Civil Procedure 23. This "California Class" is defined as:

> **All current or former hourly and salaried employees of Scripps who were paid by the hour or who were non-exempt under California law and who worked for Scripps in California at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

27. Together, throughout this Complaint, the FLSA Collective members and California Class Members are referred to as the "Similarly Situated Workers."

28. **Defendant Scripps Health ("Scripps")** is an domestic corporation.

29. Scripps maintains its headquarters and principal place of business in this District.

30. Scripps may be served by service upon its registered agent, **Bradley S. Ellis, 10140 Campus Pt. Dr. CPA 415, San Diego, CA 92121**, or by any other method allowed by law.

31. Franklin and Gamboa are informed and believes and on that basis allege, that at all relevant times Scripps and Defendants Does #1 through #50 were affiliated, and each was the principal, agent, servant, partner, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor or predecessor in interest, joint ventures, and/or joint enterprises of Scripps.

32. Scripps and Defendants Does #1 through #50 employed and/or jointly employed Franklin, Gamboa, and the Similarly Situated Workers.

33. Scripps and Defendants Does #1 through #50 are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

34. Scripps and Defendants Does #1 through #50 are joint employers for purposes of California law.

35. Franklin and Gamboa are unaware of the true names of Defendants Does #1 through #50, and so Franklin and Gamboa sue those Defendants under said fictitious names pursuant to California Code of Civil Procedure section 474. *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 802 (9th Cir. 1986).

36. Franklin and Gamboa will amend this Complaint to show the true names and capacities of such fictitiously named Defendants after the same has been ascertained.

37. Because the true names of Defendants Does #1 through #50 are currently unknown to them, Franklin and Gamboa refer to all Defendants in this lawsuit collectively as "Scripps" throughout this Complaint.

### COVERAGE UNDER THE FLSA

38. At all relevant times, Scripps was an employer of Franklin and Gamboa within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39. At all relevant times, Scripps was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. Scripps was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. During at least the last three years, Scripps has had gross annual sales in excess of $500,000.

42. Scripps was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

43. Scripps employs many workers, including Franklin and Gamboa, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

44. The goods and materials handled, sold, or otherwise worked on by Franklin, Gamboa and other Scripps employees and that have been moved in interstate commerce include, but are not limited to, computers, peripherals, and electronic equipment.

## FACTS

45. Scripps is a San Diego-based health care organization providing medical care to individuals in Southern California. Scripps, About Us, https://www.scripps.org/about-us (last accessed Mar. 20, 2022).

46. Scripps employs around 15,000 people. Scripps, About Us, https://www.scripps.org/about-us (last accessed Mar. 20, 2022).

47. Many of Scripps' employees are non-exempt hourly and salaried workers.

48. Since at least 2021, Scripps has used timekeeping software and hardware operated and maintained by Kronos.

49. On or about December 11, 2021, Kronos was hacked with ransomware.

50. The Kronos hack interfered with the ability of its customers, including Scripps, to use Kronos's software and hardware to track hours and pay employees.

51. Since the onset of the Kronos hack, Scripps has not kept accurate track of the hours that Franklin, Gamboa, and Similarly Situated Workers have worked.

52. Instead, Scripps has used various methods to estimate the number of hours Franklin, Gamboa, and Similarly Situated Workers work in each pay period.

53. For example, Scripps issued paychecks based on their scheduled hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

54. This means that employees who were non-exempt and who worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

55. Even if certain overtime hours were paid, the pay rate would be less than the full overtime premium.

56. Franklin and Gamboa are each such employees.

57. Instead of paying Franklin and Gamboa for the hours they actually worked (including overtime hours), Scripps simply paid based on estimates of time or pay, or based upon arbitrary calculations and considerations **other than** Franklin and Gamboa's actual hours worked and regular pay rates.

58. In some instances, Gamboa and Franklin were paid portions of overtime hours worked, but the overtime rate they were paid was not at the proper overtime premium of at least 1.5 or 2 times the regular rate of pay, including required adjustments for shift differentials and non-discretionary bonsuses.

59. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other adjustments required by law.

60. Scripps knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

61. Scripps knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

62. Scripps could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

63. Instead of accurately tracking hours and paying employees their overtime, Scripps decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

64. Even if it did pay any overtime to affected employees, Scripps did not take into account shift differentials and non-discretionary bonuses, such that the overtime premium Scripps did pay, if any, was not the full overtime premium owed under the law based on the employees' regular rate.

65. It was feasible for Scripps to have its employees and managers report accurate hours so they could be paid the full and correct amounts of money they were owed for the work they did for the company.

66. But it didn't do that.

67. In other words, Scripps pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

68. Franklin and Gamboa are both employees who had to shoulder the burden of this decision by Scripps.

69. Franklin and Gamboa were and are non-exempt hourly employees of Scripps.

70. Franklin and Gamboa regularly work over 40 hours per week for Scripps.

71. Franklin and Gamboa's normal, pre-Kronos hack hours are reflected in Scripps' records.

72. Since the Kronos hack, Scripps has not paid Gamboa or Franklin for their actual hours worked each week.

73. Since the hack took place, Scripps has not been accurately recording the hours worked by Gamboa and its other workers.

74. Even though Scripps has had Franklin and Gamboa record and submit their hours, Scripps has not issued payment for all hours they have worked.

75. Even when Scripps has issued payment to Franklin and Gamboa for any overtime, the overtime is not calculated based on Gamboa or Franklin's regular rates, as required by federal and California law.

76. Scripps was aware of the overtime requirements of the FLSA and California law.

77. Scripps nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Franklin and Gamboa.

78. Scripps' failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA and California law.

79. The full overtime wages owed to Franklin, Gamboa, and the Similarly Situated Workers became "unpaid" when the work for Scripps was done—that is, on Franklin, Gamboa, and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

80. At the time Scripps failed to pay Franklin, Gamboa, and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Scripps became liable for all prejudcment interest, liquidated damages, penalties, and any other damages owed under federal and California law.

81. In other words, there is no distinction between late payment and nonpayment of wages under federal or California law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

82. Even if Scripps made any untimely payment of unpaid wages due and owing to Franklin, Gamboa, or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

83. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

84. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Scripps' acts and omissions resulting in the unpaid wages in the first place.

85. Franklin, Gamboa, and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Scripps under federal and California law.

## COLLECTIVE ACTION ALLEGATIONS

86. Franklin and Gamboa incorporate all other allegations.

87. Numerous individuals were victimized by Scripps' patterns, practices, and policies, which are in willful violation of the FLSA.

88. Based on their experiences and tenure with Scripps, Franklin and Gamboa are aware that Scripps' illegal practices were imposed on the FLSA Collective.

89. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

90. These employees are victims of Scripps' unlawful compensation practices and are similarly situated to Franklin and Gamboa in terms of the pay provisions and employment practices at issue in this lawsuit.

91. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

92. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

93. Scripps' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

94. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CLASS ACTION ALLEGATIONS

95. Franklin and Gamboa incorporate all other allegations.

96. The illegal practices Scripps imposed on Franklin and Gamboa were likewise imposed on the California Class Members.

97. Numerous other individuals who worked for Scripps were were not properly compensated for all hours worked, as required by California law.

98. The California Class is so numerous that joinder of all members of the class is impracticable.

99. Scripps imposed uniform practices and policies on Franklin, Gamboa, and the California Class members regardless of any individualized factors.

100. Based on her experience and tenure with Scripps, as well as coverage of the Kronos hack, Franklin and Gamboa are aware that Scripps' illegal practices were imposed on the California Class members.

101. California Class members were all not paid proper overtime when they worked in excess of 40 hours per week.

102. Scripps' failure to pay wages and overtime compensation in accordance with California law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the California Class Members.

103. Franklin and Gamboa's experiences are therefore typical of the experiences of the California Class members.

104. Neither Gamboa nor Franklin have any interest contrary to, or in conflict with, the members of the California Class. Like each member of the proposed class, Franklin and Gamboa have an interest in obtaining the unpaid overtime wages and other damages owed under the law.

105. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

106. Absent this action, many California Class members likely will not obtain redress of their injuries and Scripps will reap the unjust benefits of violating California law.

107. Furthermore, even if some of the California Class members could afford individual litigation against Scripps, it would be unduly burdensome to the judicial system.

108. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

109. The questions of law and fact common to each of the California Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the California Overtime Class Members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

   b. Whether the California Overtime Class Members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 8 or 12 in a single day; and

   c. Whether Scripps' failure to pay overtime at the rates required by law violated California law.

110. Franklin and Gamboa's claims are typical of the California Class members. Franklin, Gamboa, and the California Class members have all sustained damages arising out of Scripps' illegal and uniform employment policies.

111. Franklin and Gamboa know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

112. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

**FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA**

113. Franklin and Gamboa incorporate each other allegation.

114. By failing to pay Franklin, Gamboa, and the FLSA Collective members overtime at 1.5 times their regular rates, Scripps violated the FLSA. 29 U.S.C. § 207(a).

115. Scripps owes Franklin, Gamboa, and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

116. Scripps owes Franklin, Gamboa, and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

117. Scripps knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

118. Because Scripps knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Scripps owes these wages for at least the past three years.

119. Scripps' failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

120. Because Scripps' decision not to pay overtime was not made in good faith, Scripps also owes Franklin, Gamboa, and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

121. Accordingly, Franklin, Gamboa, and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW**

122. Franklin and Gamboa incorporate each other allegation.

123. The California Labor Code requires that all employees, including Franklin, Gamboa, and the California Class, receive 1.5x their hourly rate as overtime premium compensation for hours worked over eight in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

124. Despite working over 8 hours a day as part of their normal and regular shift, Franklin, Gamboa, and the California Class did not receive proper overtime compensation for all hours worked over 8 in one day.

125. The California Labor Code also requires that all employees, including Franklin, Gamboa, and the California Class, receive 2x times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

126. Although Franklin, Gamboa, and the California Class occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

127. The California Labor Code requires that all employees, including Franklin, Gamboa, and the California Class, receive 2x the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Orders #1-2001 through #17-2001.

128. Although Franklin, Gamboa, and the California Class regularly worked seven days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

129. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Franklin, Gamboa, and the California Class to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

**THIRD CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS**

130. Franklin and Gamboa incorporate each other allegation.

131. California Labor Code section 226 requires Scripps to keep accurate records regarding the rates of pay for their California employees and provide that information to Franklin, Gamboa, and the California Class with their wage payment.

132. Because Scripps failed to pay Franklin, Gamboa, and the California Class lawful wages, it did not maintain accurate records of Franklin, Gamboa, and the California Class's daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Gamboa and the California Class with their wages.

133. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Franklin, Gamboa, and the California Class to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

#### FOURTH CAUSE OF ACTION—WAITING TIME PENALTIES

134. Franklin and Gamboa incorporate each other allegation.

135. At all relevant times, Scripps was required to pay Franklin, Gamboa, and the California Class all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

136. As a result of Scripps' alleged California Labor Code violations, Scripps regularly failed to pay Franklin, Gamboa, and the California Class their final wages pursuant to California Labor Code sections 201 to 204, and accordingly Scripps owes waiting time penalties pursuant to California Labor Code section 203.

137. The conduct of Scripps, in violation of Franklin, Gamboa, and the California Class' rights, was willful and was undertaken by the agents, employees, and managers of Scripps.

138. Scripps' willful failure to provide Franklin, Gamboa, and the California Class the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

139. Therefore, Franklin, Gamboa, and the California Class members who have separated from employment are entitled to compensation pursuant to California Labor Code section 203.

#### FIFTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW

140. Franklin and Gamboa incorporate each other allegation.

141. Scripps has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal

law; (2) overtime wages required by California law; (3) accurate wage statements; and (4) waiting time penalties.

142. As a result of Scripps' failure to comply with federal and state law, Scripps has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

143. The relevant acts by Scripps occurred within the four years preceding the filing of this action.

144. On information and belief, Scripps has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Franklin, Gamboa, and the California Class of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

145. Franklin, Gamboa, and the California Class are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

146. Franklin, Gamboa, and the California Class are also entitled to permanent injunctive and declaratory relief prohibiting Scripps from engaging in the violations and other misconduct referred to above.

147. Scripps is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

**SIXTH CAUSE OF ACTION—CIVIL PENALTIES UNDER PAGA**

148. Franklin and Gamboa incorporate all other allegations.

149. Gamboa and the California Class are aggrieved employees within the meaning of California Labor Code section 2699.

150. As aggrieved employees, Franklin, Gamboa, and the California Class seek to recover of civil penalties against Scripps pursuant to the Private Attorneys General Act of 2004 (PAGA), CAL. LAB. CODE §§ 2698, *et seq.*

151. Scripps has knowingly and intentionally violated the California Labor Code and IWC Wage Orders, including by:

    a. Failing to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders #1-2001 through #17-2001);

    b. Failing to provide compensation for missed meal and rest periods (Cal. Lab. Code §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001);

    c. Violating record keeping requirements (CAL. LAB. CODE § 226);

    d. Unlawfully collecting, receiving, or withholding wages (CAL. LAB. CODE §§ 221, 225.5);

    e. Failing to pay wages promptly following termination of employment, or when due and payable (CAL. LAB. CODE § 203).

152. The civil penalties sought by Franklin, Gamboa, and the California Class include the recover of amounts specified in the respective sections of the California Labor Code, and if not specifically provided, those penalties under section 2699(f).

153. Franklin, Gamboa, and the California Class seek the full amounts sufficient to recover unpaid wages, other damages, and necessary expenditures or losses incurred by Gamboa and the California Class pursuant to California Labor Code sections 210, 225.5, 226.3, 226.8, 558(a), 1197(a), 2802, and 2699.

154. Franklin, Gamboa, and the California Class will allege any additional violations of the California Labor Code and IWC Wage Orders as may be disclosed in discovery and as a result of additional investigation that may be pursued in this action.

155. Gamboa provided notice to Scripps of its California Labor Code and IWC Wage Orders violations on March 20, 2022.

156. On the same date, Gamboa submitted notice to the California Labor and Workplace Development Agency (LWDA) as required by PAGA.

157. Gamboa's notice to Scripps and the LWDA advises each of them of the intent to prosecute a private enforcement action to assess and recover civil penalties under PAGA if the LWDA declines to investigate or prosecute the asserted California Labor Code and IWC Wage Orders violations.

158. If the LWDA declines to investigate or prosecute, Franklin, Gamboa, and the California Class will pursue their PAGA claims in the course of this action.

159. Franklin, Gamboa, and the California Class had to retain counsel to file this action to protect their interests and to assess and collect the civil penalties owed by Scripps.

160. Franklin, Gamboa, and the California Class have incurred attorneys' fees and costs in prosecuting this action to recover under PAGA.

**RELIEF SOUGHT**

161. Franklin and Gamboa pray for judgment against Scripps as follows:

   a. For an order certifying a collective action for the FLSA claims;

   b. For an order certifying a class action for the California law claims;

   c. For an order finding Scripps liable for violations of state and federal wage laws with respect to Franklin, Gamboa, and all FLSA Collective and California Class members covered by this case;

   d. For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Franklin, Gamboa, and all FLSA Collective and California Class members covered by this case;

   e. For an order awarding restitution to Franklin, Gamboa, and all California Class members covered by this case;

   f. For a judgment awarding costs of this action to Franklin, Gamboa, and all FLSA Collective and California Class members covered by this case;

   g. For a judgment awarding attorneys' fees to Franklin, Gamboa, and all FLSA Collective and California Class members covered by this case;

   h. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Franklin, Gamboa, and all FLSA Collective and California Class members covered by this case; and

   i. For all such other and further relief as may be necessary and appropriate.

Date: Mar. 20, 2022

Respectfully submitted,

**PARMET PC**

By: _/s/ Matthew S. Parmet_
       **Matthew S. Parmet**

**Attorneys for Plaintiffs**