# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MICHELLE FRANKLIN, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

SCRIPPS HEALTH, et al.,

Defendants.

Case No. 22-cv-367-MMA (MDD)

**INTERIM ORDER RE DEFENDANTS' UNOPPOSED MOTION TO STAY**

[Doc. No. 15]

On March 21, 2022, Plaintiffs Michelle Franklin and Irene Gamboa initiated this putative class action against Scripps Health ("Defendant") and DOES 1 through 10. *See* Doc. No. 1 ("Compl."). Defendant now moves the Court to stay this case pending resolution of parallel state court actions pursuant to the *Colorado River* doctrine. *See* Doc. No. 15. Plaintiffs have filed a statement of non-opposition. *See* Doc. No. 18. Plaintiffs specifically request that a stay be "without prejudice to seeking to lift the stay at a later time as warranted by the facts and law in this case and related matters." *Id.* at 1.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d

-1-                                              22-cv-367-MMA (MDD)

1028, 1033 (9th Cir. 2005); *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002). "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction . . . .'" *Colo. River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)); *see also Seneca Ins. Co. v. Strange Land Inc.*, 862 F.3d 835, 841 (9th Cir. 2017).

Nonetheless, federal courts are authorized to dismiss or stay an action "due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15, (1983) (quoting *Colo. River*, 424 U.S. at 818). In considering whether to do so, the court is tasked with ascertaining "whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the *surrender* of [federal] jurisdiction." *Id.* at 25–26 (emphasis in original); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993) ("Only exceptional circumstances justify such a stay, and whether these circumstances exist is determined by weighing a complex of factors."). Accordingly, the court considers the following factors in determining whether to grant such a stay:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R&R St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011); *see also Seneca Ins. Co.*, 862 F.3d at 842. If "there exists a substantial doubt as to whether the state court proceeding will resolve all of the disputed issues in [the federal] case, it is unnecessary for [the court] to weigh the other factors included in the *Colorado River* analysis." *Intel Corp.*, 12 F.3d at 913 n.7. The Ninth Circuit has explained that:

> Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceeding will resolve the federal action precludes the granting of a stay . . . . "When a district court decides to . . . stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. *If there is any substantial doubt as to this*, it would be a serious abuse of discretion to grant the stay or dismissal at all . . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."

*Id.* at 913 (internal citations omitted); *see also Smith*, 418 F.3d at 1033.

Having reviewed Defendant's motion, the Court has reservations that the state court actions would completely resolve the issues in this case. While the Court appreciates the *significant* overlap in the issues and claims, it nonetheless has substantial doubt that following resolution of the state court actions there would be "nothing further to do" here. For example, should the state court actions settle out of court, and Plaintiffs opt-out of those classes, this matter will need to be litigated in full.

Therefore, it appears that a discretionary stay may be more appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Accordingly, the Court **DIRECTS** Defendant to file a response on or before **September 9, 2022**. Defendant's response should indicate whether it agrees that a *Landis* stay is appropriate. Alternatively, Defendant must provide supplemental briefing on the Court's concern noted above. Plaintiffs may then file a further response or statement of position no later than **September 16, 2022.**

**IT IS SO ORDERED.**

Dated: August 23, 2022

HON. MICHAEL M. ANELLO
United States District Judge