# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE FRANKLIN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SCRIPPS HEALTH, et al.,<br><br>Defendants. | Case No. 22-cv-367-MMA (MDD)<br><br>**ORDER GRANTING IN PART DEFENDANT SCRIPPS HEALTH'S MOTION TO STAY**<br><br>[Doc. No. 15] |

On March 21, 2022, Plaintiffs Michelle Franklin and Irene Gamboa initiated this putative class action against Scripps Health ("Scripps" or "Defendant") and DOES 1 through 10. *See* Doc. No. 1 ("Compl."). Scripps now moves the Court to stay this case pending resolution of parallel state court actions. *See* Doc. No. 15. Plaintiffs filed a statement of non-opposition. *See* Doc. No. 18. On August 23, 2022, the Court issued an interim order on the motion, *see* Doc. No. 19 ("Interim Order"), to which Scripps and Plaintiffs responded, *see* Doc. Nos. 20, 21. For the reasons set forth below, the Court **GRANTS IN PART** Scripps' motion and **STAYS** this case pursuant to *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

# I. BACKGROUND

Scripps is a San Diego-based health care organization providing medical care to individuals in Southern California. *See* Compl. ¶ 45. In March 2021, Plaintiffs began their employment with Scripps. Compl. ¶¶ 18, 22. According to Plaintiffs, Scripps' timekeeping software, Kronos, was hacked with ransomware on December 11, 2021. *Id.* ¶¶ 48–49. The hack interfered with the Scripps' ability to use the software, including track hours and pay employees. *Id.* ¶ 50. Plaintiffs allege, generally, that Scripps has since failed to accurately keep track of employee hours and instead uses various methods to estimate the number of hours employees worked during the pay periods. *Id.* ¶¶ 51–52. As a result, according to Plaintiffs, Scripps failed to pay Plaintiffs for their overtime hours in violation of California and state law. *Id.* ¶¶ 77–78. On this basis, Plaintiffs bring six causes of action on behalf of a putative class of similarly situated Scripps employees: (1) failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (2) failure to pay overtime, Cal. Lab. Code § 510; (3) violation of recordkeeping requirements, Cal. Labor Code § 226; (4) waiting time penalties, Cal. Labor Code § 203; (5) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (6) civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698, *et seq.*

# II. LEGAL STANDARDS

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976). In *Colorado River*, the Supreme Court observed that "there may be circumstances in which traditional abstention principles do not apply, yet considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' nonetheless justify a decision to stay or dismiss federal proceedings pending resolution of concurrent state court proceedings." *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1032–33 (9th Cir. 2005) (quoting *Colorado River*, 424 U.S. at 817). "Such circumstances are,

however, exceedingly rare." *Smith*, 418 F.3d at 1033; *see also Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (stating that "the *Colorado River* doctrine is a narrow exception"). The decision of whether to grant a *Colorado River* stay "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

The Ninth Circuit has recognized eight factors to be considered when reviewing a district court's decision regarding a *Colorado River* stay or dismissal. *See Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165-66 (9th Cir. 2017). They are:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* Some factors may not apply in some cases, and "[a]ny doubt as to whether a factor exists should be resolved against a stay" or dismissal. *Seneca Ins. Co. v. Strange Land Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) (quoting *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990)). Moreover, the Ninth Circuit has repeatedly held that "the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a [*Colorado River*] stay." *Smith*, 418 F.3d at 1033 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (internal quotation marks omitted)). When it is appropriate for a court to decline to exercise jurisdiction pursuant to the *Colorado River* doctrine, the Ninth Circuit generally requires a stay rather than a dismissal. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989). A stay "ensures that the federal forum will remain open if for some unexpected reason the state forum . . . . turn[s] out to be inadequate." *Id.* (internal quotation marks omitted).

Additionally, "[a] district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted).

In determining whether to grant a stay, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (identifying the *Landis* factors)). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

### III. Discussion

Scripps asks the Court to stay this action pending resolution of three pending state court actions: *Bell v. Scripps Health, Inc.*, California Superior Court, San Diego County, Case No. 34-2022-00005620-CU-OE-CTL (the "*Bell* Action"); *Monreal v. Scripps*

*Health, et al.*, California Superior Court, San Diego County, Case No. 37-2022-00006729-CU-OE-CTL (the "*Monreal* Action"); and *Kimble v. Scripps Health*, California Superior Court, San Diego County, Case No. 37-2022-00010056-CU-OE-NC (the "*Kimble* Action" and collectively with the *Bell* Action and the *Monreal* Action, the "State Court Actions").[1]  Before delving into the analysis, the Court provides summary overviews of the three State Court Actions as well as the present case.[2]

### A.   The *Bell* Action

The *Bell* Action was initiated on February 10, 2022.  Scripps is named as a defendant along with DOES 1 through 100.  By way of a first amended complaint, Bell brings eight causes of action: (1) failure to pay overtime, Cal. Labor Code § 510; (2) failure to provide accurate wage statements, Cal. Lab. Code § 226(a); (3) failure to pay minimum wage, Cal. Lab. Code § 1194; (4) failure to provide meal periods, Cal. Lab. Code § 512; (5) failure to provide rest periods; (6) unfair business practices, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (7) unfair business practices, Cal. Bus. & Prof. Code 17200; and (8) PAGA penalties.  Bell seeks to represent a class of employees beginning November 7, 2021.  Bell seeks declaratory relief, restitution in the form of due and overtime wages, California Labor Code civil penalties, and PAGA penalties.

### B.   The *Monreal* Action

The *Monreal* Action was initiated on February 22, 2022.  Scripps is named as a defendant along with Scripps Memorial Hospital, La Jolla and DOES 1 through 100.  In the *Monreal* Action, Monreal brings nine causes of action: (1) failure to pay overtime, Cal. Lab. Code § 510; (2) failure to pay minimum wage, Cal. Lab. Code § 1194; (3) failure to pay sick leave, Cal. Lab. Code § 246; (4) failure to provide meal periods, Cal. Lab. Code § 512; (5) failure to provide rest periods, Cal. Lab. Code § 226.7;

---

[1] The Court **GRANTS** Defendant's unopposed request for judicial notice of the State Court Actions' operative complaints and Notice of Ruling, relating the actions.  *See* Doc. No. 15-4.

[2] The following summaries of the State Court Actions are derived from the superior court dockets, as well as the operative complaints.  *See* Doc. Nos. 15-5, 15-7, 15-8.

(6) failure to pay all wages upon termination, Cal. Lab. Code § 203; (7) failure to provide accurate wage statements, Cal. Lab. Code § 226; (8) unfair competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (9) PAGA penalty. Monreal seeks to represent a class of Scripps employees beginning February 22, 2018. Monreal seeks restitution in the form of due wages and overtime, liquidated damages for unpaid minimum wages, and California Labor Code civil penalties.

### C. The *Kimble* Action

The *Kimble* Action was initiated on March 15, 2022. Kimble brings four claims against Scripps as the only named defendant: (1) failure to provide meal periods, Cal. Labor Code § 512; (2) failure to pay all wages due at end of employment, Cal. Labor Code § 203; (3) failure to provide accurate wage statements, Cal. Labor Code § 226; and (4) unfair business practices, Cal. Bus. & Prof. Code §§ 17200, *et seq.* Kimble seeks to represent several subclasses of employees beginning March 15, 2018. Kimble prays for compensatory damages, restitution in the form of all due wages, injunctive relief, and California Labor Code penalties.

### D. The Present Action

Plaintiffs filed their Complaint on March 21, 2022. The only named defendant is Scripps. As noted above, Plaintiffs assert six causes of action against Scripps: (1) failure to pay overtime in violation of the FLSA; (2) failure to pay overtime, Cal. Lab. Code § 510; (3) violation of recordkeeping requirements, Cal. Labor Code § 226; (4) waiting time penalties, Cal. Labor Code § 203; (5) violation of California's UCL, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (6) civil penalties pursuant to PAGA, Cal. Lab. Code §§ 2698, *et seq.* Plaintiffs seek to represent a class of Scripps employees beginning December 11, 2021. Plaintiffs pray for declaratory relief, restitution in the form of unpaid wages, liquidated damages, and civil penalty damages.

### E. *Colorado River* Analysis

It is clear that the present case is substantially similar to the State Court Actions. The state court has already ordered the State Court Actions related, *see* Doc. No. 15-6,

and it is expected that they will be consolidated, *see* Doc. No. 15-1 at 5. Generally speaking, the State Court Actions involve the same core theory: that over some period of time, beginning as early as 2018 and as recent as the end of 2021, Scripps failed to comply with California labor laws. In particular, the State Court Actions involve overlapping allegations that Scripps failed to pay its employees accurate and minimum wages and overtime and provide meal and rest breaks. Further, the claims in the State Court Actions are all based upon alleged violations of the California Labor Code and the California Business & Professions Code, and many of the claims are exactly the same.

These allegations and claims in the State Court Actions are virtually the same in this case. Here, Plaintiffs allege that Scripps failed to accurately track employees' hours and pay wages and overtime in violation of—primarily—California labor laws. In fact, the *Monreal* and *Bell* Actions involve all of the same claims Plaintiffs put forth in this case but for Plaintiffs' FLSA claim. However, Plaintiffs' FLSA claim is based upon a failure to pay overtime, which is the same basis for their violation of California Labor Code § 510 claim. And this California law claim is similarly set forth in the *Bell* and *Monreal* Actions. The Ninth Circuit has stated that it is "particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation." *Montanore*, 867 F.3d at 1170 (quoting *Nakash v. Marciano*, 882 F.2d 1141, 1147 (9th Cir. 1989) (internal quotation marks omitted)). Moreover, all four actions are brought on behalf of putative classes. In fact, Plaintiffs and the class members they seek to represent in this action fall within the State Court Actions' class definitions. Accordingly, the Court is sufficiently persuaded that the factual allegations and claims set forth in all four actions are substantially similar. Further, although all four cases were filed within less than two months' time, all three State Court Actions were filed prior to the Complaint in this case and thus, this Court was last to obtain jurisdiction. Moreover, California state law provides the rule of decision on the merits of nearly all of Plaintiffs' claims and the Court agrees that a stay would certainly avoid piecemeal litigation.

However, the Court has serious concerns as to whether the State Court Actions will fully dispose of the present case, which it noted in the Interim Order. *See* Doc. No. 19 at 3. If the State Court Actions settle out of court, and if Plaintiffs opt out of those classes, this case will need to be litigated in full upon return. Although Plaintiffs did not oppose Defendant's request for a stay under *Colorado River*, *see* Doc. No. 18, they now inform the Court they are likely to opt-out of any settlement, *see* Doc. No. 21 at 6. Consequently, the Court has substantial doubt that it will have "nothing further to do in resolving any substantive part of the case," *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993), when the stay is lifted upon resolution of the State Court Actions and therefore the present situation does not pose the "exceptional circumstances" required for the Court to invoke the *Colorado River* doctrine. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). Accordingly, because the Court cannot "conclude[] that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," and instead has "substantial doubt," *id.* at 28, the Court **DENIES** Scripps' motion for a stay under *Colorado River*.

### F. *Landis* Analysis

Nonetheless, the Court has the inherent power and discretion to stay this case under *Landis*. *See Lockyer*, 398 F.3d at 1109 (citing *Landis*, 299 U.S. at 254). In the Interim Order, the Court provided Scripps the opportunity to submit supplemental briefing either addressing the Court's concerns or indicating that a stay under *Landis* is appropriate. In response, Scripps chose the latter, agreeing that a discretionary stay is warranted. *See* Doc. No. 20. The Court also, in the interest of fairness, invited Plaintiffs to respond. Plaintiffs oppose a stay under *Landis*. *See* Doc. No. 21.

It is undeniable that Scripps will face hardship if it is required to simultaneously defend against multiple putative class actions involving entirely overlapping California-based wage and hour claims on multiple fronts. And due to the significant overlap, the possibility of inconsistent rulings would present great inequity. Further, the orderly

course of justice certainly supports granting a stay. As discussed above, the present action is largely duplicative of the pending State Court Actions, and it would be inefficient for the Court and the parties to proceed with this case in the wake of the State Court Actions. *See Leyva*, 593 F.2d at 863–64 ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case . . . . In such cases, the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.").

Plaintiffs now argue that they will be harmed if a stay is granted, namely, that their claims and evidence will not be preserved in the State Court Actions. However, Plaintiffs did not oppose a stay under *Colorado River*. By filing a statement of non-opposition, Plaintiffs conceded that their claims would be adequately prosecuted in and disposed of by the State Court Actions and seemingly saw no issue with the State Court's ability to manage discovery and Defendant's capacity to preserve evidence. Plaintiffs have taken inconsistent positions on whether a stay is warranted; Plaintiffs' response to the Interim Order does not render their prior statement of non-opposition moot. The Court is dubious of Plaintiffs' change in position, particularly since a discretionary stay would appear to be the more favorable of the two options as a *Colorado River* stay would have wholly foreclosed any future litigation in this case. Nonetheless, it is clear that as the State Court Actions proceed, the litigation will encompass Plaintiffs and their claims, fact discovery will overlap, and evidence will be preserved. The argument that the State Court will not adequately protect all litigants in the State Court Actions—which includes Plaintiffs and their proposed class members—is unpersuasive. Accordingly, the Court finds that there will be no possible damage to Plaintiffs should the Court grant a stay.

That said, Plaintiffs bring a claim under the FLSA, which poses a statute of limitations problem to granting a stay and therefore possible damage to the putative collective members. Plaintiffs are correct that collective actions under the FLSA differ

from Rule 23 class actions.  *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA").  Generally, a two-year statute of limitations applies to FLSA claims, however the deadline may be extended to three years for claims arising out of willful violations.  *See* 29 U.S.C. § 255(a).  Due to the FLSA's "opt-in," as opposed to Rule 23's "opt-out," procedure, the statute of limitations for each individual employee runs until he or she files a written consent to opt into the action; unnamed collective members' FLSA claims do not relate back to the filing of the complaint.  *See* 29 U.S.C. § 256(b).  Consequently, a stay lasting longer than the statute of limitations deadline could deprive putative collective members of the ability to bring their FLSA claims.

However, any potential damage to the putative collective members' FLSA claims can be sufficiently negated and thus does not tip the balance of factors against granting a stay.  The Ninth Circuit has interpreted the FLSA statute of limitations as a procedural limitation that may be tolled when equity warrants.  *See Partlow v. Jewish Orphan's Home of S. Cal., Inc.*, 645 F.2d 757, 761 (9th Cir. 1981), abrogated on other grounds by *Hoffman-La Roche v. Sperling*, 493 U.S. 165 (1989).  Plaintiffs do not ask the Court to prospectively equitably toll the FLSA statute of limitations.  Nonetheless, "[c]ourts regularly grant equitable tolling in FLSA cases when litigation circumstances prevent prompt distribution of judicial notice."  *Ray v. Cal. Dep't of Soc. Servs.*, No. CV 17-4239 PA (SKx), 2019 U.S. Dist. LEXIS 219606, at *19 (C.D. Cal. Dec. 11, 2019) (collecting cases); *see also Hughes v. S.A.W. Entm't, Ltd.*, No. 16-cv-03371-LB, 2019 U.S. Dist. LEXIS 143983, at *5 (N.D. Cal. Aug. 23, 2019) ("Where a court in its discretion stays an FLSA case, it may equitably toll the statute of limitations for potential opt-in plaintiffs in the interest of justice."); *Coppernoll v. Hamcor, Inc.*, No. C 16-05936 WHA, 2017 U.S. Dist. LEXIS 64247, at *9 (N.D. Cal. Apr. 27, 2017) ("The clear weight of decisions on the issue from courts in our circuit is in favor of prospectively tolling the statute of limitations for putative class members as equity demands.").  Although Plaintiffs may be ready and willing to seek conditional collective certification now, it would be most

equitable and efficient to all parties—named and absent—for the Court to stay this matter pending resolution of the State Court Actions and equitably toll the FLSA claim for the duration of the stay.

In sum, with the putative collective members' FLSA claims equitably tolled, all of the factors—possible damage, hardship or inequity, and the orderly course of justice—strongly weigh in favor of the Court exercising its discretion and granting a stay. Accordingly, the Court **GRANTS** Scripps' motion on this basis.

## IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS IN PART** Defendants' motion to stay. In particular, the Court **DENIES** Scripps' motion to stay this case under *Colorado River* and instead **GRANTS** the motion and **STAYS** this case pursuant to *Landis* pending resolution of the State Court Actions. Because the Court chooses to exercise its discretion to stay this case at Scripps' request, it also equitably tolls the FLSA statute of limitations for the putative collective members' claims from the date of the filing of the Complaint through the date on which the stay is lifted. The Court **DIRECTS** the parties to file a joint status report within **five (5) business days** of the conclusion of the State Court Actions.

**IT IS SO ORDERED.**

Dated: September 21, 2022

HON. MICHAEL M. ANELLO
United States District Judge